MERRITT, Circuit Judge,
concurring.
Independently of my colleagues, I would observe that the district judge made a highly pessimistic prediction about the likely effect of Mudd’s participation in the Sex Offender Treatment Programs made available to federal prisoners by the Bureau of Prisons. See 18 U.S.C. § 3621(f)(1)(B); see also U.S. Sentencing Comm’n, 2012 Report to Congress: Federal Child Pornography Offenses, at 282-84 (2013). The parties and the district court all agreed that these programs were some, of the best available, but the court still opted for the statutory maximum sentence in order to minimize the risk of harm to additional children after Mudd is released. Implicit in this line of reasoning is skepticism of the efficacy of the cognitive-behavioral therapy made available by the Bureau of Prisons. But that skepticism is *432 contradicted by the weight of scientific literature. See, e.g., Roger Przybylski, The Effectiveness of Treatment for Adult Sexual Offenders (2015), http://www.smart.gov/ pdfs/TheEffectivenessofTreatmentforAdult Sexual Offenders.pdf (“[T]he evidence suggests that that treatment for sex offenders—particularly cognitive-behavioral/relapse-prevention approaches—can produce reductions in both sexual and nonsexual recidivism.”). Regrettably, our current sentencing regime requires the district judge to make a prediction thirty years into the future about the potential efficacy of the Sex Offender Treatment Programs in each defendant’s case. A better system would permit the sentencing judge to order a lower sentence contingent upon a report from the Bureau of Prisons that the defendant had been successfully rehabilitated while in custody. At present, the statutory and administrative laws regarding child pornography do not grant such authority to sentencing courts, and we have no argument before us that the Eighth Amendment may require the courts to recognize and create a system based on the possibility of rehabilitation.